UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID DUBAY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00508-LEW |
| | ) | |
| UNIVERSITY OF NEW ENGLAND, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Pro se Plaintiff David DuBay brings this case against Defendant University of New England (UNE) alleging retaliation and discrimination on the basis of his disabilities. This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's Motion for Reasonable Accommodations and Rule 17(c) Protective Measures (ECF No. 12).

## PROCEDURAL HISTORY AND BACKGROUND

According to the Complaint (ECF No. 1), Plaintiff is a disabled combat veteran, enrolled in the UNE's Doctor of Education program through a program administered by the Department of Veteran Affairs. He alleges that he suffers from mental health disorders and a chemical dependency that impact his thought processing and organizational skills and cause him to become frustrated and angry easily, and that he relies upon very structured, positive-supportive feedback to meet academic expectations. His diagnoses include posttraumatic stress disorder (PTSD), major depressive disorder (MDD), general

anxiety disorder, alcohol use disorder, and diabetes.  Plaintiff alleges that Defendant denied his requests for accommodation and retaliated against him after making such requests and submitting complaints, all in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, as well as "other applicable federal and state laws." Compl. p. 5.

On January 12, 2026, Defendant filed its Motion to Dismiss with Incorporated Memorandum of Law (ECF No. 8).  In its Motion, Defendant reviewed the limited allegations set out in the Complaint and challenged their sufficiency on legal and factual grounds.  Defendant observed that it is not subject to Title II of the Americans with Disabilities Act because it is a private entity.  Defendant also argued that Plaintiffs allegations are simply too conclusory to give Defendant fair notice of the actual contours of Plaintiff's legal claims, particularly in terms of what Plaintiff understands to be the operative accommodation requests and how they pertain to his ultimate removal from the graduate education program and the nature of any prior alleged exclusions from academic programming, if there are any other than his ultimate removal from the program. Defendant also briefed the elements of the claims identified in the Complaint and fairly apprised Plaintiff why his limited allegations fall short.

On January 30, 2026, Plaintiff filed his Opposition Response to Defendant's Motion to Dismiss (ECF No. 13).  Therein, Plaintiff has proposed to change one of his core claims so that he no longer relies on Title II of the ADA but rather on Title III.  Additionally, Plaintiff has for the first time identified a state statute under which he intends to proceed, specifically, the Maine Human Rights Act.  Concerning the merits of the Motion to

Dismiss, Plaintiff argues that Defendant improperly seeks factual determinations at the pleading stage and that he is entitled to make only minimal allegations that simply provide Defendant with sufficient notice of his claims. He goes so far as to assert that he "is not required to identify what specific programs, services, or benefits he was excluded from," Opp'n at 6, a rather dubious proposition, even under the notice-pleading standard. Plaintiff also observes that he described the adverse action of penalizing him and treating him negatively, going on to contend that this conclusory assertion makes it "obvious" that he experienced "a disabled student hostile learning environment," *id.* at 7, even though there is no hostile environment claim in the Complaint and even though there really are no obvious findings to draw from Plaintiff's minimalist and largely conclusory complaint allegations. Thereafter, Plaintiff expounds upon his allegations at length "to further support [a finding of] plausibility," suggesting that if granted leave to amend, he could flesh out his allegations. *Id.* at 9; *see also id.* at 9-22. Plaintiff has also attached six exhibits to his Opposition, mostly consisting of correspondence with employees of the Defendant. Finally, Plaintiff concludes his Opposition with a request for leave to amend, should the Court find his Complaint wanting.

In its February 13, 2026, Reply (ECF No. 15), Defendant objects to Plaintiff's effort to backfill his Complaint with new allegations found only in his Opposition and attachments thereto, persists in its challenges to Plaintiff's original claims, and argues that the request for leave to amend is cursory and procedurally improper and should be denied.

**DISCUSSION**

To avoid dismissal, a complaint need only contain "a short and plain statement," Fed. R. Civ. P. 8(a)(2), that provides "enough facts to state a claim for relief that is plausible on its face," as opposed to one that is merely conceivable, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I am to make this assessment by first "identifying and disregarding statements in the complaint that merely offer legal conclusions," and then considering whether the non-conclusory factual allegations, taken as true, state a plausible claim for relief. *Ocasio-Henandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (cleaned up). Because Plaintiff proceeds pro se in this matter, his filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Nonetheless, "Plaintiff's pro se status does not absolve him of having to comply with this Court's procedural and substantive law." *Livingston v. BJ's Wholesale Club, Inc.*, 625 F. Supp. 3d 1, 2 (D. Mass. 2022).

Even liberally construed, once it is stripped of passages amounting to conclusory assertions, Plaintiff's Complaint contains insufficient factual matter to assess the merits of his claims. For example, Plaintiff claims that he requested accommodations for his disabilities, which were denied, and that he was excluded from full and equal engagement in services that are available to other students. But Plaintiff provides scant information on the nature of the requested accommodations, their purpose or reasonableness, or why a

factfinder would find it plausible that Defendant denied particular requests.  Indeed, some requests, evidently, were granted.

Plaintiff further alleges that he experienced retaliation after requesting accommodations and submitting grievances, including unnecessary delays, increased scrutiny, and restrictions on previously available services, including dissertation advisory services at the Student Academic Success Center.  For instance, Plaintiff alleges that the Center's director informed him that writing assistants were not able to help him because he was a plagiarist and that created a conflict of interest.  The missing background to Plaintiff's core failure to accommodate theory is seemingly material to Plaintiff's retaliation claim.  For instance, it is not even clear that access to the Center's writing assistants is an accommodation or why the Center's director would be concerned about other, unspecified accommodations.

Finally, Plaintiff alleges that on September 23, 2025, the Dean of the UNE College of Professional Studies rejected his appeal of a decision to dismiss Plaintiff from its Doctor of Education program.  This dismissal came on the heels of Plaintiff filing complaints with the UNE Civil Rights Compliance office, the UNE Provost, and the UNE Human Resources Chief regarding discrimination by a UNE employee (Plaintiff's dissertation chair).  How this is plausibly a natural outgrowth of the underlying accommodation contretemps is at present a mystery.

Although the allegations may give notice to Defendant broadly why Plaintiff is dissatisfied with its conduct and the kind of claims he wants to pursue, it is still necessary for Plaintiff to put some flesh on the bones by narrating enough information for the Court

to assess whether it is plausible that relief may be granted against Defendant and in favor of Plaintiff. Thus, although I wholeheartedly agree with Plaintiff that he does not need to set forth in his Complaint every possible fact related to his claims, even the liberal notice-pleading standard requires sufficient factual content for the Court to weigh a plaintiff's claims against the plausibility standard. At present, I do not believe I could explain, relying exclusively on the Complaint's allegations, why it is plausible rather than merely conceivable that Plaintiff's claims have factual merit.

In addition to being required to narrate his claims to state a plausible factual basis for relief, it is Plaintiff's obligation to identify his specific legal claims in his Complaint, because the scope of this litigation will be measured by the scope of the claims set forth in the Complaint. Based on Plaintiff's Opposition, it is clear that Plaintiff intends to proceed on claims and circumstances that do not appear in his Complaint. Thus, the need for a new complaint is abundantly apparent.

In summary, Defendant's Motion to Dismiss will be granted in part (to the extent it seeks the Complaint's dismissal) and denied in part (to the extent it asks that the dismissal be with prejudice). This Order of Dismissal will be entered without prejudice.

Separately, Plaintiff has filed a motion seeking certain "accommodations and limited protective measures" from this Court, invoking Rule 17(c) of the Federal Rules of Civil Procedure.[1] Plf. Mot. for Reasonable Accommodations and Rule 17(c) Protections

---

[1] Rule 17(c) allows certain representatives to sue or defend on behalf of a minor or incompetent person and provides for the appointment of a guardian ad litem if the minor or incompetent person is unrepresented. *See* Fed. R. Civ. P. 17(c). Plaintiff is neither a minor nor an incompetent person, so this provision is inapposite. I must also deny Plaintiff's request for appointment of counsel, in light of his financial

at 2 (ECF No. 12).  I see no legal or procedural grounds for the blanket protective order Plaintiff seeks here, so Plaintiff's Motion is denied.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 8) is GRANTED IN PART.  The Complaint (ECF No. 1) is dismissed without prejudice.  Plaintiff's Motion for Reasonable Accommodations and Rule 17(c) Protective Measures (ECF No. 12) is DENIED.

Plaintiff has leave to file a motion to amend and a proposed amended complaint in this case within 30 days of this Order.  Plaintiff may request an extension should he require one.  Alternatively, Plaintiff may voluntarily dismiss the current case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated this 2nd day of June, 2026.

/S/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE

---

ineligibility.  *See* Order at ECF No. 5 (denying Plaintiff's application to proceed in forma pauperis); *see also DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).